UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nilfisk-Advance, Inc.,<br><br>       Plaintiff,<br><br>v.<br><br>Kärcher North America, Inc.,<br><br>       Defendant. | Court File No.: 0:14-cv-4480<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Nilfisk-Advance, Inc. ("Nilfisk"), for its Complaint against Defendant Kärcher North America, Inc. ("Kärcher"), alleges and states as follows:

## INTRODUCTION

1. This is an action in which Nilfisk seeks damages and injunctive relief for patent infringement in violation of United States patent law, 35 U.S.C. § 1 *et seq.*

## PARTIES

2. Plaintiff Nilfisk is a Minnesota corporation with its principal place of business at 14600 21st Avenue North, Plymouth, Minnesota, 55447-3408.

3. Defendant Kärcher is a Delaware corporation with its principal place of business at 1351 West Stanford Avenue, Englewood, Colorado, 80110. Kärcher has a registered office address in Minnesota at 100 South 5th Street, #1075, Minneapolis, Minnesota, 55402.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Kärcher, which regularly conducts business in Minnesota.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Kärcher has conducted business in this district and has committed acts of infringement in this district.

## GENERAL ALLEGATIONS

7. On September 3, 2002, U.S. Patent No. 6,442,789 B1 ("'789 Patent"), attached hereto as Exhibit A, was issued to inventors Donald J. Legatt, Paul T. Mueller, and Wolfgang C. Lehmann for an invention in a riding floor scrubber. The inventors subsequently assigned the '789 Patent to Nilfisk, which has owned the '789 Patent throughout the period of Kärcher's infringing acts and still owns the '789 Patent.

8. Under its own name and under the brand name Windsor, Kärcher has and continues to make, use, sell, and offer to sell riding floor scrubbers that embody claims of Nilfisk's '789 Patent, including but not limited to the Windsor Chariot 2 iScrub 20, Windsor Chariot 2 iScrub 20 Deluxe, Windsor Chariot 2 iScrub 22SP, the Kärcher B 250 models, and the Kärcher B 50/40 models.

9. Since at least 2002, Nilfisk has marked its associated products with the '789 Patent number.

## COUNT ONE
### (Patent Infringement Under 35 U.S.C. § 271)

10. Nilfisk repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

11. Kärcher has infringed and continues to infringe the '789 Patent by engaging in acts including making, using, selling, or offering to sell products that embody the patented invention described and claimed in the '789 Patent.

12. Kärcher's activities have been without express or implied license from Nilfisk.

13. Kärcher will continue to infringe the '789 Patent unless enjoined by this Court.  As a result of Kärcher's infringing conduct, Nilfisk has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law.  Thus, Nilfisk is entitled to injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

14. As a result of the infringement of the '789 Patent, Nilfisk has been damaged, will be further damaged, and is entitled to compensation for such damage, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

15. Upon information and belief, Kärcher had actual knowledge of the '789 Patent and of its alleged infringement of the '789 Patent since before the filing of this Complaint, and therefore Kärcher's past and continued infringement has been deliberate and willful.  Nilfisk is therefore entitled to an award of treble damages pursuant to 35 U.S.C. § 284.

## **REQUEST FOR RELIEF**

Therefore, Plaintiff Nilfisk-Advance, Inc., respectfully requests that this Court grant it the following relief:

a. An order finding that Kärcher has infringed the '789 Patent under 35 U.S.C. § 271;

b. An order enjoining Kärcher, and its respective officers, directors, subsidiaries, agents, employees, other controlled by it, and others in active concert or participation with it, from directly or indirectly engaging in further acts of infringement of the '789 Patent;

c. An award of damages adequate to compensate Nilfisk for Kärcher's wrongful infringing acts, in accordance with 35 U.S.C. § 284;

d. An enhancement of any damages awarded up to three times in light of Kärcher's willful infringement of the '789 Patent;

e. An award of costs and of pre- and post-judgment interest on damages; and

f. An award of any other relief to which Nilfisk may be entitled.

## JURY DEMAND

Nilfisk hereby demands a jury trial on all issues so triable.

DATED:  October 24, 2014     **LINDQUIST & VENNUM LLP**

      By:  s/Carrie Ryan Gallia
         David A. Allgeyer (#12042x)
         Christopher R. Smith (#0340157)
         Carrie Ryan Gallia (#0390479)
    4200 IDS Center
    80 South Eighth Street
    Minneapolis, MN 55402-2274
    (612) 371-3211
    (612) 371-3207 (facsimile)
    dallgeyer@lindquist.com
    csmith@lindquist.com
    cryangallia@lindquist.com

**ATTORNEYS FOR PLAINTIFF**
**NILFISK-ADVANCE, INC.**